**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

MAJDI ABUQAWOD, :
:
    Plaintiff, :
:
vs. :
:
BRANCH BANKING AND TRUST :
COMPANY, :
:
:
:
    Defendant. :
_____ :

**COMPLAINT AND JURY DEMAND**

Plaintiff, MAJDI ABUQAWOD ("Plaintiff" or "Mr. Abuqawod"), through his undersigned counsel, files this Complaint against his former employer Defendant BRANCH BANKING AND TRUST COMPANY ("Defendant" or "BB&T") seeking damages to remedy discrimination suffered on the basis of his religion and his national origin/ethnicity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq*. ("FCRA").  Plaintiff also asserts a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., BB&T regarded him as having a disability and discriminated against him as a consequence of its misguided belief.  Further, Plaintiff asserts claims and seeks damages because BB&T retaliated against him after he lodged complaints about employment discrimination in violation of Title VII, the FCRA, and the ADA.  Finally, Plaintiff asserts a claim for defamation based on slanderous *per se* statements published by BB&T management.

**Parties, Jurisdiction and Venue**

1. Mr. Abuqawod, a resident of Palm Beach County, Florida, was at all material times employed by Defendant as a Community Banking Branch Banker.

2. Defendant is a financial services company headquartered in Winston-Salem, North Carolina. Defendant operates more than 2,000 financial centers in 15 states and the District of Columbia. Defendant conducts business throughout the State of Florida and has a registered agent located in Plantation, Florida.

3. This Court's jurisdiction is conferred by 28 U.S.C. § 1331 conferring original jurisdiction upon this Court for actions involving a federal question (Title VII and ADA) and 28 U.S.C. § 1367 for supplemental jurisdiction concerning the claim under the FCRA.

4. Venue in this District is proper because the causes of action upon which this action is based accrued in Palm Beach County, Florida and Defendant is a corporation doing business in this district, within the meaning of 28 U.S.C. § 1391(c).

5. For all material times, Plaintiff met the definition of an "employee" within the meaning of Title VII, the ADA and the FCRA.

6. For all material times, Defendant was an employer covered by Title VII, the ADA and the FCRA.

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), on or about September 17, 2018, alleging, among other things, religion discrimination, national origin/ethnicity discrimination, ADA discrimination and retaliation in violation of Title VII, the ADA and the FCRA.

8. On August 14, 2019, the EEOC issued a notice of right to sue to Plaintiff. Accordingly, Plaintiff has exhausted all administrative prerequisites for the maintenance of this action.

**General Allegations**

9. Plaintiff, of Jordanian descent, was born in Kuwait. After the Iraqi invasion in 1990, he was forced to flee Kuwait.

10. Mr. Abuqawod emigrated to the United States.

11. Mr. Abuqawod immediately showed himself as a hard worker; working in restaurants and driving a taxi cab.

12. Mr. Abuqawod became a United State Citizen in 1998. His children were born in the United States and are United States citizens. Mr. Abuqawod's children and living the American Dream and despite BB&T's violations of federal and state discrimination laws, Mr. Abuqawod loves this Country.

13. Mr. Abuqawod has never shied away from work and has worked multiple jobs at a time to provide for his family. Other than the pretextual reason provided in this case, Mr. Abuqawod has never been terminated from an employer for poor performance.

14. In or around July 25, 2016, BB&T hired Mr. Abuqawod as a Community Banking Branch Banker. He was hired by Loretta Stanley and he was viewed as an employee who exceeded expectations. That would all change, however, when Maude Dentico, a high-ranking managerial employee of BB&T, became his direct supervisor.

15. Unfortunately, when Mr. Abuqawod requested an accommodation for his religious beliefs and exhibited indicia of his National Origin, he was discriminated against by his manager and employer.

16. When he complained about this disparate treatment, the discriminatory conduct persisted and was exacerbated by harassment and retaliation.

17. Specifically, Mr. Abuqawod requested time off for Ramadan and Eid al-Fitr (the Festival of Breaking the Fast).

18. While his manager, Maud Dentico, initially and purportedly approved the requested leave for religious observation, she eventually reversed her initial decision and denied Mr. Abuqawod's request for leave for religious observation.

19. Mr. Abuqawod was perplexed by his employer's decision. He approached Ms. Dentico about BB&T's reversal of course.

20. Rather than explore an accommodation for Mr. Abuqawod's legitimately held religious belief, or apologize for the 180-degree reversal, Ms. Dentico became aggressive, confrontational, and retaliatory. She belittled his religion and expressly violated Title VII.

21. Ms. Dentico brazenly and unlawfully stated to Mr. Abuqawod: "*I don't care about your religion; I'm from France; do you understand?*".

22. Mr. Abuqawod could not believe his manager's hostility and immediately complained about this issue to BB&T Human Resources. Nothing was done to assist Mr. Abuqawod. Rather, Mr. Abuqawod was retaliated against and eventually terminated because of his complaints about the discrimination concerning his religion and ethnicity.

23. Indeed, after Mr. Abuqawod sought an accommodation for his religious beliefs and had a confrontation with his supervisor, Ms. Dentico falsely and maliciously published to Mr. Abuqawod's colleagues that he had a psychiatric condition – an anxiety disorder. His supervisor also stated falsely that Mr. Abuqawod "could not function" in his job because of his purported anxiety. These slanderous comments resulted in a perception that Mr. Abuqawod had a disability and he was regarded as having a disability and discriminated against because of BB&T's erroneous perception.

24. Once Mr. Abuqawod sought an accommodation for his religious beliefs and complained when his request for an accommodation was denied, BB&T made a concerted effort

to harass and then terminate Mr. Abuqawod's employment. Indeed, rather than remedy the problem, senior management expressly, brazenly, and improperly requested that Mr. Abuqawod stop making complaints to Human Resources. BB&T had no interest in addressing any of Mr. Abuqawod's good faith concerns and complaints.

25. Mr. Abuqawod was treated dissimilarly and harsher than non-Muslim and non-Middle Eastern employees and was eventually subjected to disparate treatment in his harassment and subsequent termination from employment. Non-Muslim and Non-Middle Eastern employees were provided with more counseling and written warnings for similar or graver alleged employment transgressions and were given the opportunity to improve their performance and continue to remain employed; Mr. Abuqawod was not afforded similar treatment.

26. Multiple similarly situated employees were treated more favorably than Mr. Abuqawod because they did not engage in protected activity – complaining about religion and national origin discrimination to HR – and were non-Muslims born in the United States of America.

27. Mr. Abuqawod was terminated because of his religious beliefs, request for an accommodation for his religious beliefs, because of his National Origin/Ethnicty, because he was regarded as having a disability, and because he complained about discrimination.

28. Mr. Abuqawod has retained counsel to prosecute his claims under Title VII, the ADA and the FCRA.

**COUNT I**
**Violation of Title VII – Religion Discrimination**

29. Plaintiff adopts and realleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

5

30. Title VII makes it unlawful for an employer to discriminate against an employee on the basis of his religious beliefs.

31. After Plaintiff requested an accommodation for his religious beliefs, he was treated differently and eventually terminated because of his religious beliefs and his request for an accommodation for his religious beliefs.

32. Defendant violated Title VII when it harassed and terminated Plaintiff's employment because of his religious beliefs and request for an accommodation for his religious beliefs.

33. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of Title VII.

## COUNT II
### Violation of FCRA – Religious Discrimination

34. Plaintiff adopts and realleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

35. The FCRA makes it unlawful for an employer to discriminate against an employee on the basis of his religious beliefs.

36. After Plaintiff requested an accommodation for his religious beliefs, he was treated differently and eventually terminated because of his religious beliefs and request for an accommodation for his religious beliefs.

37. Defendant violated the FCRA when it harassed and terminated Plaintiff's

employment because of his religious beliefs and request for an accommodation for his religious beliefs

38. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of the FCRA.

## COUNT III
### Violation of Title VII – National Origin/Ethnicity Discrimination

39. Plaintiff adopts and realleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

40. Title VII makes it unlawful for an employer to discriminate against an employee on the basis of his National Origin.

41. After Plaintiff exhibited indicia of his National Origin, including his observance of Muslim holidays and his desire to travel to the Middle East for religious observance, he was treated differently and eventually terminated because of his National Origin.

42. Defendant violated Title VII when it harassed and terminated Plaintiff's employment because of his National Origin/Ethnicity.

43. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of Title VII.

## COUNT IV
### Violation of FCRA – National Origin/Ethnicity Discrimination

44. Plaintiff adopts and realleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

45. The FCRA makes it unlawful for an employer to discriminate against an employee on the basis of his National Origin.

46. After Plaintiff exhibited indicia of his National Origin, including his observance of Muslim holidays and his desire to travel to the Middle East for religious observance, he was treated differently and eventually terminated because of his National Origin.

47. Defendant violated the FCRA when it harassed and terminated Plaintiff's employment because of his National Origin/Ethnicity.

48. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of the FCRA.

## COUNT V
### Violation of Title VII – Retaliation

49. Plaintiff adopts and realleges paragraphs 1 through 53 of the Complaint as if set forth fully herein.

50. Title VII makes it unlawful for an employer to retaliate against an employee who complains about discrimination in the workplace.

51. Plaintiff complained about discrimination in the workplace and was subjected to harassment and an adverse employment action – termination – because of his complaints.

52. Defendant violated Title VII when it maliciously published false claims about Mr.

Abuqawod's alleged psychiatric condition and then terminated his employment because of his complaints about discrimination in the workplace.

53. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of the retaliation provisions contained within Title VII.

## COUNT VI
**Violation of the FCRA – Retaliation**

54. Plaintiff adopts and realleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

55. The FCRA makes it unlawful for an employer to retaliate against an employee who complains about discrimination in the workplace.

56. Plaintiff complained about discrimination in the workplace and was subjected to an adverse employment action – termination – because of his complaints.

57. Defendant violated Title VII when it maliciously published false claims about Mr. Abuqawod's alleged psychiatric condition and then terminated his employment because of his complaints about discrimination in the workplace.

58. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of the retaliation provisions contained within the FCRA.

## COUNT VII
### Violation of ADA – Regarded As Discrimination

59. Plaintiff adopts and realleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

60. The ADA makes it unlawful for an employer to discriminate against an employee on the basis of his disability or because he is regarded as having such an impairment.

61. Mr. Abuqawod's supervisor falsely claimed that Mr. Abuqawod had a psychiatric impairment that substantially limited his ability to engage in major life activities, including the ability to work and function.

62. Defendant violated the ADA when it harassed and terminated Plaintiff's employment because he was regarded as having a disability.

63. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of the ADA.

## COUNT VIII
### Violation of FCRA – Regarded As Discrimination

64. Plaintiff adopts and realleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

65. The FCRA makes it unlawful for an employer to discriminate against an employee on the basis of his disability or because he is regarded as having such an impairment.

66. Mr. Abuqawod's supervisor falsely claimed that Mr. Abuqawod had a psychiatric impairment that substantially limited his ability to engage in major life activities, including the ability to work and function.

67. Defendant violated the FCRA when it harassed and terminated Plaintiff's employment because he was regarded as having a disability.

68. Plaintiff has suffered damages, including lost wages and lost benefits, because of Defendant's unlawful conduct.

WHEREFORE, Plaintiff demands a judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs for Defendant's willful violation of the FCRA.

## COUNT IX
## Defamation

69. Plaintiff adopts and alleges paragraphs 1 through 28 of the Complaint as if set forth fully herein.

70. A managerial employee, while in the course and scope of her employment with Defendant BB&T, and to further the interests of her employer, made knowingly false statements about Mr. Abuqawod's mental health and his ability to perform his job.

71. The BB&T managerial employees published the false statements about Mr. Abuqawod's psychiatric condition and ability to work to multiple third parties.

72. BB&T knows the statement was made, admitted that the statement was made, and BB&T ratified the statement by not taking any adverse employment action against the managerial employee for uttering the defamatory *per se* statement.

73. The statement was maliciously made and made with the intention to drive Mr. Abuqawod from his employment relationship.

74. The statement caused Mr. Abuqawod emotional and financial harm and damages to be established at trial.

75. The false statements constitute defamation *per se* whereby damages are presumed because they were made about Mr. Abuqawod's mental health and his ability to perform his job.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: September 24th , 2019

        **GONZALEZ SHENKMAN & BUCKSTEIN**
        Attorneys for Plaintiff
        *Binks Commercial Centre*
        110 Professional Way
        Wellington, FL 33414
        Telephone:  561.227.1575
        Facsimile: 561.227.1574
        bbuckstein@gsblawfirm.com
        */s/ **Brian D. Buckstein***
        Brian D. Buckstein, Esq.
        Fla. Bar No. 0618934